IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDERICK VINSON, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) |
| City of Chicago, Chicago Police Sergeant Steve Jarosz, Star No. 1482, and Chicago Police Officers Joanna Uchwat, Star No. 9495, and Eboni London Star No. 19684, | ) COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br>) **JURY DEMANDED** |
| Defendants. | ) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Frederick Vinson ("Vinson") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Chicago Police Sergeant Steve Jarosz, Star No. 1482, ("Jarosz") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned, Chicago Police Officer Joanna Uchwat, Star No. 9495, ("Uchwat") was employed by the Chicago Police Department and was acting under color

of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned, Chicago Police Officer Eboni London, Star No. 19684, ("London") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

7. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

8. On July 13, 2017, Plaintiff was lawfully located in a public area near the 7600 block of Peoria Street, in the City of Chicago, County of Cook, State of Illinois.

9. On that day and place Defendants Jarosz, Uchwat, and/or London seized Plaintiff's person without legal cause and subjected him to a custodial arrest.

10. Defendants Jarosz, Uchwat, and/or London did not have probable cause to arrest Plaintiff for any crime.

11. On that date Plaintiff had not engaged in any criminal activity.

12. Defendant Jarosz did not witness Plaintiff commit any criminal act.

13. Defendant Uchwat did not witness Plaintiff commit any criminal act.

14. Defendant London did not witness Plaintiff commit any criminal act

15. Defendants Jarosz, Uchwat, and/or London did not receive information from anyone that Plaintiff had committed any criminal act before they encountered Plaintiff.

2

16. On or about July 13, 2017, Defendants Jarosz, Uchwat, and/or London caused plaintiff to be charged with committing a criminal offense despite the fact that there was not probable cause to charge Plaintiff with committing any crime.

17. As a result of Defendants Jarosz, Uchwat, and/or London causing Plaintiff to be charged with a criminal offense he was subjected to a legal process and pretrial detention.

18. Defendants Jarosz, Uchwat, and/or London knew that the pretrial detention of Plaintiff was not supported by probable cause.

19. On or about August 7, 2017, Plaintiff was indicted by a Cook County Grand jury and charged with seven (7) felony charges allegedly related to his arrest on July 13, 2017.

20. The indictment of Plaintiff on seven felony charges was based on the false statements and/or reports of Defendants Jarosz, Uchwat, and/or London.

21. On February 20, 2018 the Cook County State's Attorney's office voluntarily dismissed all seven of the felony charges against Plaintiff.

22. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

23. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

24. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Jarosz, Uchwat, and London for
### UNREASONABLE SEIZURE

25. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

26. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

27. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) The custodial arrest of Plaintiff was not supported by probable cause. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, and each of them, in their individual capacity, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Jarosz, Uchwat, and London For
### UNREASONABLE PRETRIAL DETENTION

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

29. Defendants Jarosz, Uchwat, and/or London subjected Plaintiff to legal process and a pretrial detention without probable cause.

30. Defendants did not have probable cause to believe Plaintiff had committed an offense or cause him to be subjected to a pretrial detention from July 13, 2017 through February 20, 2018.

4

31. All the criminal charges against Plaintiff terminated in his favor when they were voluntarily dismissed by the Cook County State's Attorney.

32. As a result of the foregoing, Plaintiff has sustained damage.

33. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

34. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Causing Plaintiff to be subjected to approximately seven (7) months of pretrial detention without any probable cause for the detention was in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, and each of them, in their individual capacity, is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiff against Jarosz, Uchwat, London and The City of Chicago For
### MALICIOUS PROSECUTION

35. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully alleged at this place

36. Defendants were employed by the City of Chicago, and maliciously commenced and caused to be continued multiple felony charges against Plaintiff.

37. Defendants initiated, facilitated, and/or continued this malicious prosecution by giving false police reports, and/or preparing and/or signing a false criminal complaints and/or giving false statements to prosecutors for the purpose of causing the initiation and/or continuation of the criminal prosecution of Plaintiff.

38. The criminal proceedings terminated in Plaintiff's favor when seven felony charges were voluntarily dismissed on February 20, 2018.

39. As a result of being prosecuted for these crimes Plaintiff was injured emotionally, financially, and otherwise.

40. The City of Chicago is liable to Plaintiff for the acts of Jarosz, Uchwat, and/or London pursuant to the doctrine of *respondeat superior*.

41. Therefore, Jarosz, Uchwat, and/or London and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants, other than City of Chicago, be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

6

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    s/Garrett Browne

        ED FOX & ASSOCIATES, Ltd.
        Attorneys for Plaintiffs
        300 West Adams, Suite 330
        Chicago, Illinois 60606
        (312) 345-8877
        gbrowne@efoxlaw.com